# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JEREME CHARBONNET,
   #85856

   Plaintiff,     2:10-cv-01273-PMP-LRL

vs.

           **ORDER**

HOWARD SKOLNIK, *et al.*,

   Defendants.

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.[1] Plaintiff's application to proceed *in forma pauperis* is granted (docket #5). However, as discussed below, the complaint must be dismissed for failure to exhaust administrative remedies.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

---

[1] This action has been consolidated with the following actions: *Halverson v. Skolnik, et al.*, 2:10-cv-01132-PMP-LRL (lead case); *Frixione v. Skolnik, et al.*, 2:10-cv-01235; *Rea v. Skolnik, et al.*, 2:10-cv-01217-PMP-LRL; *Jones v. Skolnik et al.*, 2:10-cv-01214-PMP-LRL; *Powell v. Skolnik, et al.*, 2:10-cv-01182-PMP-LRL; *Valenzuela v. Skolnik, et al.*, 2:10-cv-01162-PMP-LRL. However, each action is proceeding in its own right.

contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g*. claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g*. fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the

1  plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir.
2  2006).

## II. Instant Complaint

Plaintiff, who is incarcerated at Southern Desert Correctional Center ("SDCC"), has sued Nevada Department of Corrections ("NDOC") Director Howard Skolnik, Nevada Attorney General Catherine Cortez-Masto, SDCC Warden Brian Williams, and Does SDCC medical personnel and "supplier of Nipro syringes." Plaintiff alleges that he is an insulin-dependent diabetic and that on June 28-July 1, 2010, SDCC medical personnel issued him a different type of insulin syringe. He claims that the new syringes were not issued in a blister package, nor are they single-use syringes because the needle portion of the syringe does not retract or otherwise become inoperative after a single use, and medical personnel do not use a "sharps-cutter" to clip needles from used syringes. He alleges that inmate Halverson (plaintiff in lead action) brought it to his attention that the syringes were also past their expiration date. He claims that when this was brought to the attention to medical staff, they examined the packaging, then collected the remaining syringes. He alleges that defendants Skolnik and Williams directed and/or allowed and/or failed to prevent the purchase and use of out of date, non-single use, possibly contaminated syringes. Plaintiff also makes a "note to the court:" and states that SDCC medical personnel obscure or "white-out" the name on their I.D. or wear it reversed so that inmates cannot identify personnel by name.

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferen[t]" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a

1  substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511
2  U.S. at 837; *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187-88 (9th Cir. 200 2; *Jeffers v.*
3  *Gomez*, 267 F.3d 895, 913 (9th Cir. 2001) (*per curiam*); *Anderson v. County of Kern*, 45 F.3d 1310, 1313
4  (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial
5  evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *See*
6  *Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

7  In a complaint brought pursuant to § 1983, the plaintiff should specifically identify each
8  defendant to the best of his or her ability, clarify what constitutional right he or she believes each
9  defendant has violated and support each claim with factual allegations about each defendant's actions.
10  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection
11  between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May*
12  *v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The
13  plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See*
14  *Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

15  Further, before plaintiff can commence a civil rights action with respect to prison conditions,
16  he or she must first exhaust the administrative remedies that are available. 42 U.S.C. § 1997e(a). The
17  "exhaustion requirement applies to all inmate suits about prison life, whether they involve general
18  circumstances or particular episodes, and whether they allege excessive force or some other wrong."
19  *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002). The failure to exhaust is an affirmative
20  defense, which often requires proof of facts not on the face of the complaint. *See Wyatt v. Terhune*, 315
21  F.3d 1108, 1112 (9th Cir. 2003). However, when it is clear from the face of the complaint that a
22  prisoner did not exhaust the administrative remedies, then the court must dismiss the action pursuant
23  to 28 U.S.C. § 1915A. *See Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002). Here, plaintiff states
24  at page 8 of the complaint that he did not exhaust the available administrative grievance procedures at
25  SDCC. In the space for an explanation as to the failure to exhaust, plaintiff wrote "fear of retaliation."
26  However, the only exceptions to the exhaustion requirement are if "(1) administrative remedies would

be futile; (2) the actions of the agency clearly and unambiguously violate statutory or constitutional rights; or (3) the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991). In *Halverson v. Skolnik*, 2:10-cv-01132-PMP-LRL, the lead case in these consolidated actions, the court found no risk of irreparable harm (*see* docket #10), and therefore, plaintiff's case does not fall within an exception to the exhaustion requirement. Accordingly, the court must dismiss this action for failure to exhaust administrative remedies.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #5) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Jereme Charbonnet, **Inmate No. 85856** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

///

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: October 26, 2010.

PHILIP M. PRO
United States District Judge

6